UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CELON STOKES, ) | |
| ) | |
| Movant, ) | |
| ) | Civil No. 15-00805-CV-W-FJG |
| v. ) | Criminal No. 05-0122-01-CR-W-FJG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Currently pending before the Court is an Amended and Joint Motion to Correct Sentence Under 28 U.S.C. § 2255 (Doc. # 7) filed by movant Stokes and the government.

**I. BACKGROUND**

On August 11, 2006, this Court sentenced Stokes to a term of 188 months imprisonment following his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and after finding he had three qualifying prior convictions that supported imposition of a sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). One of the prior convictions relied upon for the ACCA sentence was for the offense of battery of a law enforcement officer, which this Court at the time found was a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii), the so-called "residual clause" of the ACCA, which defined "violent felony" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another."

In reliance on <u>Johnson v. United States</u>, 576 U.S. ___, 135 S. Ct. 2551 (2015), where the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague, Stokes seeks relief under 28 U.S.C. § 2255, and asks this

Court to vacate his previous sentence of 188 months and resentence him without application of the ACCA.

## II. DISCUSSION

The Court first finds that Stokes's motion for relief under 28 U.S.C. § 2255 is timely because it is filed within one year of the Supreme Court's decision in Johnson. See 28 U.S.C. § 2255(f)(3).

The Court further finds, again without objection from the parties, that Johnson constitutes a new substantive rule of constitutional law that should be applied retroactively to defendants previously sentenced under the ACCA.

In light of Johnson, the court further finds, without objection from the parties, that Stokes's prior Florida conviction for battery of a law enforcement officer no longer qualifies as a "violent felony" under the ACCA.

The Court therefore concludes that without the prior Florida conviction, Stokes does not have the three necessary predicate convictions (either "violent felonies" or "serious drug offenses") to qualify him for sentencing under the ACCA.

Based on the above findings, the Court concludes that Stokes's currently imposed sentence of 188 months is now a per se illegal sentence, not only in violation of the laws of the United States, but also in excess of the 10-year statutory maximum for the federal offense of being a felon in possession of a firearm, and that allowing this sentence to remain intact would violate due process and result in a fundamental miscarriage of justice.

The Court further finds that Stokes's written waiver of his right to personally appear for resentencing [see Fed.R.Crim.P. 43(c)(1)(B), permitting a defendant to waive his right to be present at sentencing in a noncapital case by being "voluntarily absent"],

2

was executed knowingly and voluntarily, and the Court is therefore authorized to resentence Stokes without further delay and without his personal appearance.

The Court further finds, without objection from the parties, that Stokes should be resentenced to a term of 120 months, and directs that an amended judgment to that effect be entered in Case No. 05-0122-01-CR-W-FJG, substituting 120 months as the term of imprisonment to replace the previously imposed 188-month imprisonment term, and imposing a three-year term of supervised release in place of the previously imposed four-year term, while retaining all the previously imposed conditions of release.

Additionally, a hearing having been waived by the defendant, it is hereby **ORDERED** that the following be added to the conditions of supervised release for the defendant: "If a viable home plan has not been approved by the U.S. Probation Office by the date of release from custody, the defendant shall reside in and satisfactorily participate in a residential reentry center program until an acceptable home plan is approved by the U.S. Probation Office, but not to exceed a period of 60 days."

The Court further finds that because Stokes has already been in custody for more than 120 months by reason of his conviction under 18 U.S.C. § 922(g), he should be released from imprisonment and placed on supervised release without delay.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** Stokes's Motion to Vacate (Doc. # 7) and vacates Stokes's sentence, and orders Stokes to be sentenced to 120 months imprisonment. The Government's Motion for an Extension of Time to File a Response is hereby **DENIED** as **MOOT** (Doc. # 6).

| | |
|---|---|
| Date:  December 7, 2015 <br> Kansas City, Missouri | **S/ FERNANDO J. GAITAN, JR.** <br> Fernando J. Gaitan, Jr. <br> United States District Judge |